Case 4:14-cv-00160-A Document 7 Filed 03/19/14 Page 1 of 5 PageID 55

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 19 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIGAH DARNELL JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-160-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Although filed on a form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the petition is actually, and construed as, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner, Eligah Darnell Jr., a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records in petitioner's prior habeas petitions, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive, in part, and denied, in part.

### I. Factual and Procedural History

Petitioner is serving a 75-year sentence in TDCJ for his May 2010 conviction for failing to comply with Texas's sexual-offender registration requirements. (Pet. at 3) Petitioner has filed numerous state and federal habeas petitions, including a prior federal petition challenging the same 2010 conviction. *Darnell v. Thaler*, No. 4:12-CV-098-Y. The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas action.

### II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Court

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the

2

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

To the extent petitioner raises claims that were or could have been raised in his previous petition challenging his 2010

---

> procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

Case 4:14-cv-00160-A Document 7 Filed 03/19/14 Page 4 of 5 PageID 58

conviction, it is apparent that this is a second or successive petition, and petitioner has not demonstrated that he has obtained permission to file a successive petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition as to those claims. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

### III. State Habeas Proceedings

To the extent petitioner raises claims regarding alleged defects in the state habeas corpus proceedings, the Fifth Circuit has repeatedly held that such defects are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing cases). Therefore, any such claims are precluded by Fifth Circuit precedent.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive to the extent he challenges his 2010 conviction. The court further ORDERS that the petition be, and is hereby, denied to the extent he challenges the state habeas corpus proceedings.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED March 19, 2014.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE